IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRIA DENISE WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN J. O'MALLEY, )<br>*Commissioner of Social Security*, )<br>)<br>Defendant. ) | Case No. 1:23-cv-609-SMD |

**OPINION & ORDER**

On June 24, 2021, Plaintiff Terria Denise Williams ("Williams") protectively filed an application for disability insurance benefits ("DIB") alleging she became disabled on January 1, 2018. Tr. 65, 202. Williams's application was denied at the initial administrative level. Tr. 65-87. She then requested and received a hearing before an Administrative Law Judge ("ALJ") who found on April 4, 2023, that Williams was not disabled. Tr. 20-64. Williams appealed to the Social Security Appeals Council ("Appeals Council"), which denied review. Tr. 1-6. Therefore, the ALJ's order became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Williams appeals that decision under 42 U.S.C. § 405(g). For the following reasons, the undersigned AFFIRMS the Commissioner's decision.[1]

---

[1] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 4); Def.'s Consent (Doc. 5).

**I.     STATUTORY FRAMEWORK**

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

>(1) Is the person presently unemployed?
>(2) Is the person's impairment severe?
>(3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
>(4) Is the person unable to perform his or her former occupation?
>(5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). A claimant's RFC is what the claimant can still do—despite her impairments—based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ

---

[2] *McDaniel* is an SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy she can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[3] or (2) the testimony of a vocational expert ("VE").[4] *Id.* at 1239-40.

## II.  STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the ALJ applied the correct legal standards. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence, or the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). A court is required to give deference to factual findings, with close scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

For purposes of judicial review, "[s]ubstantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept

---

[3] The Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[4] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

3

as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F.2d at 1145.

### III.  ADMINISTRATIVE PROCEEDINGS

Williams was in her mid-to-late 30s during the relevant period. Tr. 36, 202. She has a high school education and past work experience as a home health aide and home health attendant. Tr. 36, 230-31. She alleged disability due to both physical and mental impairments. Tr. 230.

In the administrative proceedings, the ALJ made the following findings with respect to the five-step evaluation process for Williams's disability determination. At step one, the ALJ found Williams had not engaged in substantial gainful activity since January 1, 2018, although she did engage in work activity below the substantial gainful activity level in 2021. Tr. 25. At step two, the ALJ found Williams suffers from the following severe impairments: obesity, depressive disorder, anxiety disorder, right carpal tunnel syndrome, left hip trochanteric bursitis, post-traumatic stress disorder, cervical degenerative disc disease, herniated nucleus palpus at C6-7, irritable bowel syndrome ("IBS"), type II diabetes mellitus, Crohn's disease, peripheral neuropathy, pes planus, and plantar fasciitis. Tr. 25. At step three, the ALJ found Williams does not have an impairment or combination

of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 27.

The ALJ then proceeded to determine Williams's RFC, finding she has the capacity to perform a reduced range of sedentary work. Tr. 29. At step four, the ALJ found Williams unable to perform any past relevant work. Tr. 36. At step five, the ALJ considered Williams's age, education, work experience, and RFC and found that there are jobs that exist in significant numbers in the national economy that Williams can perform. Tr. 36. Accordingly, the ALJ found Williams has not been under a disability from January 1, 2018, through the date of his decision. Tr. 37.

## IV. WILLIAMS'S ARGUMENT

Williams argues that the Court should reverse the Commissioner's decision because the ALJ's decision contains inconsistencies between the RFC finding and the medical evidence he adopted. Pl.'s Br. (Doc. 10) p. 3. As explained below, Williams's argument fails.

## V. ANALYSIS

Williams contends that the ALJ's RFC determination is not supported by substantial evidence because there are inconsistencies between the RFC finding and the medical evidence he adopted. Pl.'s Br. (Doc. 10) pp. 3-9. Specifically, Williams argues that the ALJ failed to impose limitations in the RFC to account for her need to take additional bathroom breaks because of her "frequent bowel movements" caused by her IBS and Crohn's disease. *Id.* at 6-7.

The ALJ has the responsibility of assessing a claimant's RFC at the hearing level. 20 C.F.R. § 404.1546(c). In performing this task, the ALJ is required "to consider all of the medical and other evidence of record[.]" *Ramos v. Comm'r of Soc. Sec.*, 2021 WL 960688, at *6 (M.D. Fla. Mar. 15, 2021). Importantly, finding that an impairment is severe does not require the ALJ to attribute a limitation resulting from that impairment in a claimant's RFC. *See, e.g.*, *Walters v. Barnhart*, 184 F. Supp. 2d 1178, 1184 (M.D. Ala. 2001) (a finding that an impairment is severe "is not tantamount to a conclusion that these impairments imposed significant work-related limitations"); *Dowdy v. Barnhart*, 2005 WL 3841868, at *4 (M.D. Ala. Jan. 4, 2005) (a severe impairment will not necessarily impose "significant work-related limitations" for purposes of the RFC); *O'Grady v. Berryhill*, 2017 WL 5618128, at *10 (N.D. Fla. Nov. 21, 2017) (noting that a "finding that an impairment is severe does not require a specific limitation based on that impairment unless supported by the medical record.").

Here, the ALJ found that Williams's IBS and Crohn's disease "could reasonably result in abdominal pain and frequent bowel movements," but that her statements concerning the intensity, persistence and limiting effects of those symptoms are not entirely consistent with the medical and other evidence in the record. Tr. 30. In making this finding, the ALJ pointed to multiple medical records addressing Williams's gastrointestinal disorders, which generally indicated that she "was treated conservatively with medications" that were effective in addressing her conditions. Tr. 31, 32. The ALJ further noted that "objective findings from tests showed few superficial ulcers consistent with nonspecific colitis" and that "findings from physical examinations were generally mild."

6

Tr. 32. For these reasons, the ALJ rejected Williams's symptom testimony about the severity of her IBS and Crohn's disease. Nonetheless, he restricted Williams's physical movements in her RFC to "fully accommodate the abdominal pain, episodes of diarrhea, and other symptoms that reasonably result from the gastrointestinal disorders" and concluded that "[a]dditional limitations are not warranted based on improvement of symptoms with medications and the findings from physical examinations." Tr. 30-31.

Williams has not pointed the Court to any specific evidence showing that she required additional bathroom breaks to accommodate her IBS and Crohn's disease, and her gastrointestinal diagnoses alone do not require functional limitations in her RFC. *See Davis v. Comm'r of Soc. Sec.*, 2013 WL 6182235, at *6 (M.D. Fla. Nov. 25, 2013) (rejecting claimant's contention that the ALJ decision was "internally inconsistent" where the ALJ found that an impairment was severe but failed to include limitations relating to impairment in the RFC assessment). To be sure, Williams testified that she uses the bathroom up to twelve times per day, Tr. 56, but the ALJ considered this testimony and properly rejected it, Tr. 30-31.[5] Thus, because Williams points to no evidence showing that she required additional bathroom breaks because of her gastrointestinal conditions, the undersigned finds no error in the ALJ's decision to not account for such limitations in her RFC. *Jessica R. v. Comm'r, Soc. Sec. Admin.*, 2021 WL 9666938, at *10 (N.D. Ga. Mar. 26, 2021) (affirming the ALJ's RFC finding of light work with additional postural limitations when

---

[5] The Court notes that Williams does not argue that the ALJ improperly rejected her symptom testimony. *See* Pl.'s Br. (Doc. 10). Arguments not specifically raised before the Court are considered waived. *See Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 899 (11th Cir. 2022) ("An appellant forfeits an issue when she 'raises it in a perfunctory manner without supporting arguments and authority.'") (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)).

evidence did not warrant additional limitations, including off-task time from chronic diarrhea); *Jones v. Astrue*, 2011 WL 2491346, at *4-5 (E.D. Va. May 31, 2011) (finding that the ALJ did not err in failing to include diarrhea-related limitations in the RFC when the medical evidence did not show the need for such limitations). Substantial evidence supports the ALJ's RFC determination, and the Commissioner's decision will not be disturbed.

## VI. CONCLUSION

As explained above, the Court finds that the ALJ did not commit reversible legal error in determining Williams's RFC and that substantial evidence supports the Commissioner's decision. Accordingly, it is

ORDERED that the Commissioner's decision is AFFIRMED. A separate judgment will issue.

DONE this 17th day of May, 2024.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE